J. S58031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
               v.                    :
                                            :
YAPHET MALIK ETTISON,           :         No. 506 WDA 2018
                                            :
              Appellant        :

Appeal from the Judgment of Sentence, May 26, 2017,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0000167-2016

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED NOVEMBER 13, 2018**

Yaphet Malik Ettison appeals from the May 26, 2017 judgment of sentence entered by the Court of Common Pleas of Erie County following his conviction of driving while operating privilege is suspended or revoked.[1] After careful review, we affirm.

On August 19, 2016, the Commonwealth charged appellant with driving while operating privilege is suspended or revoked. Following a summary trial on September 27, 2016, the magisterial district court convicted appellant. Appellant filed a notice of summary appeal with the Court of Common Pleas of Erie County ("trial court") on October 25, 2016. The trial court held a **de novo** trial on May 26, 2017. Following the

---

[1] 75 Pa.C.S.A. § 1543(a).

*de novo* trial, the trial court convicted appellant and sentenced him to 2-6 months' incarceration and imposed a $1,000 fine.

Appellant filed a notice of appeal to this court on May 26, 2017. On May 30, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on June 15, 2017. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on July 26, 2017.

Appellant raises the following issue for our review: "Whether the evidence was sufficient to convict appellant?" (Appellant's brief at 2 (full capitalization omitted).)

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted), *appeal denied*, 89 A.3d 661 (Pa. 2014). The Commonwealth

may satisfy its burden of proving a defendant's guilt beyond a reasonable doubt by using wholly circumstantial evidence. **Commonwealth v. Diggs**, 949 A.2d 873, 877 (Pa. 2008), **cert. denied**, 556 U.S. 1106 (2009).

In order for a conviction of driving while operating privilege is suspended or revoked to be affirmed by this court, the Commonwealth must prove beyond a reasonable doubt that appellant was driving a motor vehicle on any highway or trafficway in this Commonwealth while his operating privilege was suspended, revoked, or cancelled. 75 Pa.C.S.A. § 1543(a).

Upon our review of the evidence admitted when viewed in the light most favorable to the Commonwealth, we find that the Commonwealth met its burden. During the summary appeal, the trial court heard testimony from Erie City Police Officer Joshua Allison. Officer Allison testified that he observed appellant driving a gold Mercury sedan on Perry Street and that he had heard appellant's name earlier over the radio for "warrants and license check." (Notes of testimony, 5/26/17 at 10, 13.) Additionally, Officer Allison testified that he had recognized appellant from previous encounters. (**Id.** at 10.) When he initiated a traffic stop of appellant's vehicle, Officer Allison testified that appellant exited the vehicle from the driver's side. (**Id.** at 11.) Based on this evidence, we find that the Commonwealth proved the elements of driving while operating privilege is suspended or revoked beyond a reasonable doubt.

Judgment of sentence affirmed.


Murray, J. joins this memorandum.

Olson, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/13/2018